### BOB BRYANT v. THE STATE.

#### No. 4300.   Decided March 11, 1908.

**Burglary—Insufficiency of Evidence.**

See opinion for evidence held to be insufficient to sustain a conviction of burglary.

Appeal from the District Court of Marion.   Tried below before the Hon. P. A. Turner.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant appeals from a conviction of burglary had in the District Court of Marion County, and presents many grounds and reasons upon which a reversal is sought.

The only matter that we care to consider is the assignment questioning the sufficiency of the evidence to sustain the verdict.   We have carefully read the statement of facts, and are at a loss to understand how the jury could, under this statement, have found a verdict of guilty against appellant.   Frank Bryant, his brother, who was charged with the same offense had been acquitted.   He was shown to have fired into the house in question, but there was no evidence by any witness either directly or by reasonable deduction from any fact or circumstance shown, that appellant had done so.   All the parties were negroes.   It seems that on the night in question Frank Bryant and the appellant, his brother, had come from their work to the house of Frank Bryant, where two or three negro men, Frank Bryant's wife, and another negro woman, were at the time.   For some reason, disputed in the testimony, Frank Bryant became enraged at his wife, and, as she says, struck her, and she called on appellant for protection, and he sought to and did interfere to prevent further abuse or punishment of her.   Appellant's relations with all the parties in the house in which the shot was fired were shown to have been friendly, and no motive or reason is suggested why he should have sought to injure any of them.   After the difficulty at Frank Bryant's house, the woman left, and went to the house

of one Will Smith (a negro and brother-in-law of Frank Bryant). The witness Smith testified to seeing Frank Bryant at his house, and that he saw him about the time the shot was fired near the house with a gun in his hand. There are some of the witnesses who testify that they heard appellant say once or twice, "Frank! Frank! Frank!" But his location with reference to the house, or the place where the shots were fired, does not very distinctly appear. After the firing ceased Frank Bryant and appellant returned home to the house of the former, and Frank Bryant called from his house to the house where his mother-in-law, Renah Oliver, was sitting, and wanted her to come to him, which, after some parley, she agreed to do if he would not hurt her and would meet her. This he agreed to do, but instead of meeting her himself, he remained in the house, and appellant went out to meet her instead. Just what is the significance of this we are unable to say or see. It is barely possible from the record that we may not gather the full force and significance of all the testimony, but as we interpret same, after careful investigation, there is an utter lack of any testimony directly and cogently presenting evidence of appellant's guilt.

For the reason that the evidence is insufficient to sustain the verdict, the judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*